```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| LAURA J. DAVIDSON, | **REPORT AND RECOMMENDATION** |
| Plaintiff, | 12-CV-316 (MAD/VEB) |
| V. | |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In June of 2009, Plaintiff Laura J. Davidson applied for disability insurance benefits ("DIB") under the Social Security Act. Plaintiff alleges that she has been unable to work since March of 2007 due to physical and psychological impairments. The Commissioner of Social Security denied Plaintiff's application.

Plaintiff, by and through her attorneys, Irwin M. Portnoy & Associates, P.C., Irwin Portnoy, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

On January 3, 2013, the Honorable Gary L. Sharpe, Chief United States District Judge, referred this case to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 16). Thereafter, this Court directed additional briefing by the parties as further described below.

## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff applied for benefits on June 29, 2009. (T at 125-128).[1] The application was denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on March 21, 2011, in Poughkeepsie, New York, before ALJ Michael A. Rodriguez. (T at 27).[2] Plaintiff appeared with her attorney and testified. (T at 31-62).

On April 11, 2011, ALJ Rodriguez issued a written decision finding that Plaintiff was not disabled, as defined under the Social Security Act, and was therefore not entitled to benefits. (T at 10-24).

In May of 2011, Plaintiff filed a second application for Social Security disability benefits (the "second application"), alleging a disability onset date of April 12, 2011. The second application was denied initially and Plaintiff requested a hearing. A hearing was held on November 17, 2011, before ALJ Dale Black-Pennington. (Docket No. 17-1, at p. 1).

On December 27, 2011, ALJ Rodriguez's decision denying the first application became the Commissioner's final decision as to that application, when the Social Security Appeals Council denied Plaintiff's request for review. (T at 1-6).

Plaintiff, through counsel, timely commenced this action on February 23, 2012. (Docket No. 1). The Commissioner interposed an Answer on June 12, 2012. (Docket No.

---

[1] Citations to "T" refer to the Administrative Transcript. (Docket No. 8).

[2] The ALJ presided via videoconference from Hackensack, New Jersey. (T at 27).

7). Plaintiff filed a supporting Brief on July 17, 2012. (Docket No. 11). The Commissioner filed a Brief in opposition on August 30, 2012. (Docket No. 13). With leave of the Court, Plaintiff filed a Reply Brief on October 9, 2012. (Docket No. 15).

On November 19, 2012, ALJ Dale Black-Pennington issued a decision granting Plaintiff's second application and finding that Plaintiff had been under a disability, as defined under the Social Security Act, since April 12, 2011. (Docket No. 17, Appendix 1).

On January 28, 2013, Plaintiff filed a motion to remand pursuant to sentence six of 42 U.S.C. § 405 (g). (Docket No. 17). The Commissioner opposed that motion on February 25, 2013. (Docket No. 18).

On May 14, 2013, this Court issued an Order directing the parties to file supplemental memoranda of law addressing several issues. (Docket No. 19). Plaintiff filed her memorandum of law on June 13, 2013. (Docket No. 20). The Commissioner responded with a memorandum of law on June 17, 2013. (Docket No. 21).

For the reasons that follow, Plaintiff's motion for a sentence six remand should be denied. However, this Court recommends that Plaintiff's Motion for Judgment on the Pleadings be granted, that Defendant's motion for Judgment on the pleadings be denied, and that this case be remanded for further proceedings.

### III. DISCUSSION

**A.     Legal Standard**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health

3

& Human Servs., 906 F.2d 856, 860 (2d Cir.1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir.1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir.1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir.1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir.1982).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F.Supp. 147, 153 (S.D.N.Y.1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir.1984).

The Commissioner has established a five-step sequential evaluation process to

determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 416.920, 404.1520. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.[3]

While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir.1984).

The final step of the inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs

---

[3]This five-step process is detailed as follows:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.

If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.

If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.

If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.

Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.

Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir.1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir.1999); 20 C.F.R. §§ 416.920, 404.1520.

exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.920(g); 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

**B.     Analysis**

The Social Security Act provides that a district court may remand a case to the Commissioner to consider additional evidence that was not included as part of the original administrative proceedings. See 42 U.S.C. § 405(g) (sentence six) ("The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.").

This type of remand, commonly referred to as a "sentence six remand," is only appropriate if new, non-cumulative evidence presented to the District Court should be considered by the Commissioner *and* if the claimant can establish good cause for having failed to present the evidence during the original administrative proceedings. See Lisa v. Sec'y of Dep't of Health and Human Servs., 940 F.2d 40, 43 (2d Cir.1991).

In the Second Circuit, courts employ a three-prong test to determine whether a sentence six remand is warranted. Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir.1988). First, the evidence must be "new" and not merely cumulative of evidence in the administrative record. Id. (citing Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir.1984)). Second, the new evidence must be "material," *i.e.* "it must be relevant to the claimant's condition during the time period for which benefits were denied and probative." Id. (citing Cutler v. Weinberger, 516 F.2d 1282, 1285 (2d Cir.1975)). The "materiality" prong further requires a finding that there is a reasonable possibility that the new evidence would

have changed the outcome before the Commissioner. See Jones v. Sullivan, 949 F.2d 57, 60 (2d Cir.1991). Third and finally, the plaintiff must demonstrate good cause for failing to present the evidence earlier. Lisa, 940 F.2d at 43.

In the instant case, Plaintiff points to three (3) pieces of evidence that she believes warrant a sentence six remand.

### a. Dr. Deutsch

First, in May of 2011, Dr. Lionel Deutsch, a treating psychiatrist, completed a Medical Source Statement in which he opined that Plaintiff had marked limitations with regard to understanding and remembering simple instructions and extreme difficulty in carrying out simple instructions. (Docket No. 17-1, at p. 5). Secondly, he further found that Plaintiff had marked difficulties with respect to responding appropriately to usual work situations and to changes in a routine work setting and third, she had impaired memory and concentration. (Docket No. 17-1, at p. 5).

Dr. Deutch's opinion was included as part of the administration record with respect to Plaintiff's second application. In granting that application, ALJ Black-Pennington afforded "some" weight to Dr. Deutsch's opinion. (Docket No. 17-1, at p. 5).

Plaintiff suggests that a sentence six remand is warranted to allow the Commissioner to consider the report as it related to the first application for benefits. However, although Dr. Deutsch's report was not available to ALJ Rodriguez, it was submitted to the Appeals Council in connection with Plaintiff's first application. (T at 217-19). As such, it is not "newly acquired evidence" as contemplated by sentence six. Thus, a sentence six remand would not be appropriate. See, e.g., Peacock v. Astrue, 07-CV-458, 2008 WL 2074426, at *3 (M.D.Ala. May 15, 2008) (declining to remand under sentence six

of 42 U.S.C. § 405(g) where evidence was not available to the ALJ, but was considered by the Appeals Council, because sentence six does not "grant a court the power to remand for reconsideration of evidence previously considered by the Appeals Council"); Ingram v. Comm'r of Social Sec., 496 F.3d 1253, 1269 (11th Cir. 2007)("Because evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record, that evidence can be the basis for only a sentence four remand, not a sentence six remand."); see generally Perez v. Chater, 77 F.3d 41, 45 (2d Cir.1996) (holding that "new evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision").

However, although a sentence six remand is not warranted, this Court will consider whether remand is otherwise appropriate.

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" Butts v. Barnhart, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)). A sentence four remand is "appropriate where, due to inconsistencies in the medical evidence and/or significant gaps in the record, further findings would . . . plainly help to assure the proper disposition of [a] claim." Kirkland v. Astrue, No. 06 CV 4861, 2008 WL 267429, at *8 (E.D.N.Y. Jan. 29, 2008).

This Court finds that remand for a rehearing is warranted. Dr. Deutch's report was of the nature that could potentially fill "significant gaps in the record . . .[and could] plainly help to assure the proper disposition of [a] claim," and, although not new evidence to the Appeals Council, it is evidence that the Appeals Council failed to adequately address.

For example, Dr. Deutch's report was "new and material" evidence submitted to the Appeals Council during the administrative proceedings. The Appeals Council is required to consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b); see also § 416.1470(b); Perez v. Chater, 77 F.3d 41, 45 (2d Cir.1996). The Appeals Council "will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); see § 416.1470(b)."

To obtain a review of the additional evidence, the claimant must establish that "the proffered evidence is (1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative." Sergenton v. Barnhart, 470 F. Supp.2d 194, 204 (E.D.N.Y.2007) (citing Lisa v. Sec'y of Health & Human Servs., 940 F.2d 40, 43 (2d Cir.1991)).

Evidence is "material" if there is "a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently." Id. If the Appeals Council fails to consider new, material evidence, "the proper course for the reviewing court is to remand the case for reconsideration in light of the new evidence." Shrack v. Astrue, 608 F. Supp.2d 297, 302 (D.Conn.2009).

As mentioned above and outlined below, Dr. Deutch's report, although previously considered by the Appeals Council, the Council failed to adequately address the "new and material" evidence. In particular, the Appeals Council did not discuss Dr. Deutch's report or provide the type of explanation required by the treating physician's rule when denying Plaintiff's request for review. A remand is the appropriate remedy under these

circumstances. Reconsideration and further findings on this issue would "plainly help assure the proper disposition of [a] claim." See Farina v. Barnhart, No. 04-CV-1299 (JG), 2005 WL 91308, at *5 (E.D.N.Y. Jan.18, 2005) (remanding for further proceedings where the Appeals Council failed to acknowledge receipt of new evidence from claimant's treating physician and failed to "provide the type of explanation required under the treating physician rule" when denying review.))

Dr. Deutch's report was "new" - in fact, it was prepared approximately one month after ALJ Rodriguez's decision. It was not merely cumulative of evidence already in the record, which did not contain an opinion from a treating psychiatrist. It was material in that there is a reasonable possibility ALJ Rodriguez would have reached a different decision if he had received this report. Indeed, the fact that ALJ Black-Pennington afforded "some weight" to Dr. Deutch's opinion and decided to grant Plaintiff's second application is strong evidence establishing the materiality of the opinion. (Docket No. 17-1, at p.5). Further, there is good reason to believe the inclusion of Dr. Deutch's opinion would have affected ALJ Rodriguez's consideration of other medical evidence. In particular, in denying the first application for benefits, the ALJ afforded "no weight" to the opinion provided by Dr. Alan Dubro, a consultative psychiatric examiner. (T at 19). Dr. Dubro determined that Plaintiff had "significant difficulty in attending to and remembering directions and instructions" and found her attention span and concentration "significantly impaired." (T at 434-35). ALJ Rodriguez disregarded this opinion because it was "based on a one-time visit" and there was "no medical evidence in the record to support the limitations." (T at 19). The inclusion of Dr. Deutch's assessment (a treating physician's opinion consistent with Dr. Dumbro's findings) necessarily affects this analysis and creates a reasonable possibility that ALJ

10

Rodriguez would have reached a different result.

It is not clear why the Appeals Council believed Dr. Deutch's assessment was not material. The Appeals Council did not reference the report by name, but simply stated that the "information" provided by Plaintiff's counsel "[did] not provide a basis for changing the Administrative Law Judge's decision." (T at 2).

The Commissioner defends the Appeals Council's refusal to consider Dr. Deutch's assessment because the treating psychiatrist's opinion was rendered after the ALJ Rodriguez's decision. The Commissioner thus claims that the opinion did not apply to the period prior to the ALJ's decision. However, the assessment post-dated the decision by less than one month. This brief lapse in time, without more, does not justify summary dismissal of the physician's findings. Examinations and testing conducted after the ALJ's decision is rendered may still be relevant if they clarify a pre-hearing disability and/or diagnoses. See Woodford v. Apfel, 93 F. Supp. 2d 521, 527 (S.D.N.Y. 2000). Indeed, the Second Circuit has held that "medical evidence generated after an ALJ's decision cannot deemed irrelevant solely because of timing." Newbury v. Astrue, 321 Fed.Appx. 16, 2009 WL 780888, at *2 n.2 (2d Cir. Mar. 26, 2009)(citing Pollard v. Halter, 377 F.3d 183, 193 (2d Cir.2004)).

The categorical refusal to consider evidence solely because it was created after the date of the ALJ's decision is an error as a matter of law. Pollard, 377 F.3d at 193 ("Although the new evidence consists of documents generated after the ALJ rendered his decision, this does not necessarily mean that it had no bearing on the Commissioner's evaluation of [the Claimant's] claims. To the contrary, the evidence directly supports many of her earlier contentions regarding [the] condition. It strongly suggests that, during the relevant time

11

period, [her] condition was far more serious than previously thought"); see also Sergenton v. Barnhart, 470 F. Supp.2d 194, 204 (E.D.N.Y. 2007).

In this case, there is nothing in Dr. Deutch's assessment (made less than a month after ALJ Rodriguez's decision) to indicate that his assessment was intended to apply only as of that date and not on any prior date. To the contrary, Dr. Deutch noted that Plaintiff's psychological problems had apparently become serious following heart surgery in 1998. (T at 218).

In addition, the Appeals Council erred by disregarding Dr. Deutch's opinion without providing any reasons for its decision. "[W]here newly submitted evidence consists of findings made by a claimant's treating physician, the treating physician rule applies, and the Appeals Council must give good reasons for the weight accorded to a treating source's medical opinion." James v. Commissioner of Social Security, No. 06-CV-6180, 2009 WL 2496485, at *10 (E.D.N.Y. Aug. 14, 2009).

The Second Circuit has said "the Appeals Council [has] an obligation to explain the weight it g[ives] to the opinions of [a treating physician]." Snell v. Apfel, 177 F.3d 128, 133-34 (2d Cir.1999)(holding that the Commissioner "is required to explain the weight it gives to the opinions of a treating physician"); 20 C.F.R. § 404.1527(d)(2) ( "We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.").

"Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." Snell, 177 F.3d at 134; see also; Shrack v. Astrue, No. 3:08-CV-00168, 2009 WL 712362, at *3 (D.Conn. Mar. 17, 2009)("Importantly, the treating physician rule applies to the Appeal's [sic] Council when the new evidence at issue reflects

the findings and opinions of a treating physician.").

Here, the Appeals Council not only failed to provide "good reasons" for disregarding the treating physiciant's opinion, it did not provide any reasons at all. Moreover, as discussed above, there is a reasonable possibility that ALJ Rodriguez would have reached a different result if the original administrative record had included Dr. Deutch's assessment. As such, a remand should be ordered with respect to Dr. Deutch's report.

### b. Gindes Report/Subsequent ALJ Decision

Plaintiff also asserts that a sentence six remand is warranted based upon a report prepared in October of 2012 by Dr. Alex Gindes, a psychiatric consultative examiner. (Docket No. 20-2) and the favorable decision of ALJ Dale Black-Pennington, issued on November 19, 2012. (Docket No. 20-1).

Dr. Gindes diagnosed post-traumatic stress disorder (chronic, mild), alcohol dependence (in sustained full remission), and pain disorder associated with general medical condition. (Docket No. 201-2, at p. 4). Dr. Gindes opined that Plaintiff could follow and understand simple directions and instructions and perform simple tasks independently, but likely could not maintain attention and concentration, maintain a regular schedule, learn new tasks, perform complex tasks independently, make appropriate decisions, relate adequately with others, or appropriately deal with stress. (Docket No. 20-2, p. 3-4). Dr. Gindes believed that the examination results were consistent with cognitive problems that would be expect to "significantly interfere with [Plaintiff]'s ability to function on a daily basis." (Docket No. 20-2, at p. 4).

In her decision granting the second application for benefits, ALJ Black-Pennington concluded that Plaintiff retained the ability to perform sedentary work, but found that her

13

nonexertional limitations so narrowed the range of work that she might otherwise perform that a finding of "disabled" was appropriate under the framework of Medical-Vocational Rule 201.27. (Docket No. 20-1, p. 8-9). As such, ALJ Black-Pennington concluded that Plaintiff was disabled as of April 12, 2011, and was entitled to supplemental security income benefits and disability insurance benefits. (Docket No. 20-1, at p. 9)

Both Dr. Gindes's report and ALJ Black-Pennington's decision were generated after the Appeals Council denied review with respect to Plaintiff's first application for benefits. Some courts have concluded that evidence of this type is "new" and material evidence that justifies a sentence six remand. See Mikol v. Barnhart, 554 F. Supp.2d 498, 504 -505 (S.D.N.Y. 2008)("The second ALJ decision, determining that plaintiff was disabled from August 4, 2004 sheds light on the seriousness of his condition at the time of the first ALJ's decision and is relevant to that time frame. It is difficult to believe that on August 3, 2004 plaintiff was not disabled even though he had a history of pain and surgeries which supported a determination that on August 4, 2004 plaintiff was suddenly disabled. It is reasonable to assume that the second decision will impact the decision of the first ALJ because it suggests the impairment was more severe than the first ALJ determined."); see also Reyes v. Apfel, No. 97-CIV-5830, 2000 WL 709087, at *9 (S.D.N.Y. June 2, 2000).

However, there is some doubt as to whether a decision granting a subsequent application for benefits should be considered "evidence" for sentence six remand purposes. See Lopez v. Barnhart, 2002 WL 1822739, at *3 n. 2 (S.D.N.Y. Aug. 8, 2002); see also Perry v. Astrue, 2012 WL 645890, at *11 (D. Mass. Feb. 27, 2012)("The mere fact that a second ALJ weighed the evidence differently does not authorize reversal by a district court; the standard is whether the first ALJ's decision was supported by substantial

14

evidence on the record, not whether it was the only possible reasonable decision."); Allen v. Comm'r, 561 F.3d 646, 653 (6th Cir. 2009).

This Court need not resolve the issue in this particular case because a remand is warranted based on the Commissioner's failure to adequately address Dr. Deutch's report. On remand, the ALJ will be able to reconsider the record, supplemented to include Dr. Deutch's opinion and Dr. Gindes's assessment. The ALJ will then be called upon to make a determination under the sequential framework applicable to applications for benefits. As such, it is not necessary to determine whether a sentence six remand might otherwise be warranted based on Dr. Gindes's report and/or ALJ Black-Pennington's decision. See Kreiter v. Astrue, 2010 WL 1133419, at *13 (W.D. Pa. Mar. 23, 2010)("Since this case is being remanded on other grounds, the Court need not consider whether it should be remanded based on new and material evidence. The failure to consider medical evidence obtained after the decision was not the fault of the Commissioner; however, since the Court's disposition on this matter will give the ALJ a fresh opportunity to look at this case, this evidence should certainly be considered on remand.").

## IV. CONCLUSION

For the reasons outlined above, this Court recommends that Plaintiff's Motion for a

sentence six remand be DENIED.  This Court further recommends that Plaintiff be GRANTED judgment on the pleadings and that the Commissioner's motion for judgment on the pleadings be DENIED, and that this case be remanded for further proceedings.

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

Dated: August 26, 2013

Syracuse, New York

### V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION**

**WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

Victor E. Bianchini
United States Magistrate Judge

Dated: August 26, 2013
Syracuse, New York