**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**LAURA J. DAVIDSON,**

                           **Plaintiff,**

   vs.                                            **1:12-cv-316
(MAD/VEB)**

**CAROLYN W. COLVIN,** *Acting Commissioner of
Social Security, in place of Michael J. Astrue*,

                           **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**IRWIN M. PORTNOY & ASSOCIATES, PC**    **IRWIN M. PORTNOY, ESQ.**
542 Union Avenue
New Windsor, New York 12550
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **BENIL ABRAHAM, ESQ.**
Office of the General Counsel
Region II
26 Federal Plaza, Room 3904
New York, New York 10278
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

In June of 2009, Plaintiff filed an application for Disability Insurance Benefits ("DIB") under the Social Security Act, alleging that she has been disabled since March of 2007 ("First Application"). This application was initially denied and Administrative Law Judge ("ALJ") Michael A. Rodriguez granted Plaintiff's request for a hearing. Thereafter, ALJ Rodriguez concluded on April 11, 2011, that Plaintiff was not disabled at the relevant times and, therefore, did not qualify for DIB. *See* Dkt. No. 8 at 10-24.

In May of 2011, Plaintiff filed a second application for DIB, this time alleging that she had been disabled since April 12, 2011 ("Second Application"). This application was also initially denied and Plaintiff requested a hearing on November 17, 2011. *See* Dkt. No. 17-1.

On December 27, 2011, ALJ Rodriguez's opinion with respect to the First Application became a final determination of the agency, when the Social Security Administration Appeals Council denied Plaintiff's request for review of that decision. *See* Dkt. No. 8 at 1-6.

On February 23, 2012, Plaintiff timely commenced this action. *See* Dkt. No. 1. Plaintiff argues with respect to the First Application that ALJ Rodriguez failed to apply the correct standard and that his findings were unsupported by the evidence. *See* Dkt. No. 11 at 27 ("The ALJ should be directed to reconsider the combination of the effects of all of Ms. Davidson's impairments; apply the proper standards for weighing opinions of treating and other sources, reconsider whether or not Ms. Davidson's impairments equal the Listing of Impairments, and in that connection, seek advice from a Medical Expert, reconsider her credibility, her residual functional capacity, and call on the services of a vocational witness.").

Following a hearing on September 13, 2012, with respect to the Second Application, ALJ Dale Black-Pennington issued an order on November 19, 2012, concluding that Plaintiff had been disabled since April 12, 2011. *See* Dkt. No. 17-1.

Before the Court are the parties' cross-motions for judgment on the pleadings, *see* Dkt. Nos. 11, 13, and Plaintiff's motion to remand pursuant to sentence six of 42 U.S.C. § 405(g), *see* Dkt. No. 17.

In her motion for a sentence six remand, Plaintiff argues with respect to the First Application that Defendant should be ordered to consider "new evidence," including, *inter alia*, a

2

medical source statement prepared by a treating psychiatrist in May of 2011 ("May 2011 Report"). *See* Dkt. No. 17-2.

In a Report and Recommendation dated August 26, 2013, Magistrate Judge Victor E. Bianchini concluded that "although [the May 2011 Report] was not available to ALJ Rodriguez, it was submitted to the Appeals Council in connection with Plaintiff's [F]irst [A]pplication. . . . As such, it is not 'newly acquired evidence' as contemplated by sentence six." Dkt. No. 22 at 7. Although the May 2011 Report was before the Appeals Council when it denied review in December of 2011, Magistrate Judge Bianchini found that "the Appeals Council not only failed to provide 'good reasons' for disregarding the [May 2011 Report], it did not provide any reasons at all. Moreover, . . . there is a reasonable possibility that ALJ Rodriguez would have reached a different result if the original administrative record had included [the May 2011 Report]." *Id.* at 13. Accordingly, Magistrate Judge Bianchini found that remand under sentence four of Section 405(g) would be appropriate.

As such, Magistrate Judge Bianchini recommended that Plaintiff's motion for a sentence six remand be denied, that Plaintiff's motion for judgment on the pleadings be granted, that Defendant's motion for judgment on the pleadings be denied, and that this case be remanded for further proceedings. *See id.* at 15-16. Neither party objected to Magistrate Judge Bianchini's Report and Recommendation.

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether substantial evidence supports the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, an ALJ makes the actual disability determination; and

that decision is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). Additionally, the ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

Having reviewed Magistrate Judge Bianchini's Report and Recommendation, the parties' submissions and the applicable law, the Court concludes that Magistrate Judge Bianchini correctly determined that the Appeals Council's failure to consider the May 2011 Report, or to provide any justification for such failure, was erroneous. As such, the Court finds that Magistrate Judge Bianchini correctly determined that this matter should be remanded for further consideration of the May 2011 Report and any other relevant materials to assure proper disposition of the claim.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Bianchini's August 26, 2013 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C.

§ 405(g),[1] for further proceedings consistent with Magistrate Judge Bianchini's Report and Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: September 18, 2013
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] Sentence four of § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).