**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**LAURA J. DAVIDSON,**

                        **Plaintiff,**

    vs.                                            1:12-cv-316
                                                            (MAD/VEB)

**CAROLYN W. COLVIN,** *Acting Commissioner of Social Security, in place of Michael J. Astrue*,

                        **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**IRWIN M. PORTNOY & ASSOCIATES, PC**    **IRWIN M. PORTNOY, ESQ.**
542 Union Avenue
New Windsor, New York 12550
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **BENIL ABRAHAM, ESQ.**
Office of the General Counsel
Region II
26 Federal Plaza, Room 3904
New York, New York 10278
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff Laura J. Davidson moves for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 25. The Commissioner opposes Plaintiff's motion on the grounds that the amount of fees requested is excessive. Dkt. No. 26.

### II. BACKGROUND AND PROCEDURAL HISTORY

    In June of 2009, Plaintiff filed an application for Disability Insurance Benefits ("DIB") under the Social Security Act, alleging that she has been disabled since March of 2007 ("First

Application"). This application was initially denied and Administrative Law Judge ("ALJ") Michael A. Rodriguez granted Plaintiff's request for a hearing. Thereafter, ALJ Rodriguez concluded on April 11, 2011, that Plaintiff was not disabled at the relevant times and, therefore, did not qualify for DIB. *See* Dkt. No. 8 at 10-24.

In May of 2011, Plaintiff filed a second application for DIB, this time alleging that she had been disabled since April 12, 2011 ("Second Application"). This application was also initially denied and Plaintiff requested a hearing on November 17, 2011. *See* Dkt. No. 17-1. On December 27, 2011, ALJ Rodriguez's opinion with respect to the First Application became a final determination of the agency, when the Social Security Administration Appeals Council denied Plaintiff's request for review of that decision. *See* Dkt. No. 8 at 1-6.

On February 23, 2012, Plaintiff timely commenced this action, arguing that ALJ Rodriguez failed to apply the correct standards and that his findings with respect to the First Application were unsupported by substantial evidence. *See* Dkt. No. 1. The parties' then filed cross-motions for judgment on the pleadings. *See* Dkt. Nos. 11, 13. While those motions were pending, ALJ Dale Black-Pennington issued an order on Plaintiff's Second Application on November 19, 2012, concluding that Plaintiff had been disabled since April 12, 2011. *See* Dkt. No. 17-1. Thereafter, Plaintiff filed a motion to remand pursuant to sentence six of 42 U.S.C. § 405(g). *See* Dkt. No. 17. In her motion for a sentence six remand, Plaintiff argued with respect to the First Application that Defendant should be ordered to consider "new evidence," including, *inter alia*, a medical source statement prepared by a treating psychiatrist in May of 2011 ("May 2011 Report"). *See* Dkt. No. 17-2.

In a Report and Recommendation dated August 26, 2013, Magistrate Judge Victor E. Bianchini concluded that "although [the May 2011 Report] was not available to ALJ Rodriguez, it

2

was submitted to the Appeals Council in connection with Plaintiff's [F]irst [A]pplication. . . . As such, it is not 'newly acquired evidence' as contemplated by sentence six." Dkt. No. 22 at 7. Although the May 2011 Report was before the Appeals Council when it denied review in December of 2011, Magistrate Judge Bianchini found that "the Appeals Council not only failed to provide 'good reasons' for disregarding the [May 2011 Report], it did not provide any reasons at all. Moreover, . . . there is a reasonable possibility that ALJ Rodriguez would have reached a different result if the original administrative record had included [the May 2011 Report]." *Id.* at 13. Accordingly, Magistrate Judge Bianchini found that remand under sentence four of Section 405(g) would be appropriate.

As such, Magistrate Judge Bianchini recommended that Plaintiff's motion for a sentence six remand be denied, that Plaintiff's motion for judgment on the pleadings be granted, that Defendant's motion for judgment on the pleadings be denied, and that this case be remanded for further proceedings. *See id.* at 15-16. Neither party objected to Magistrate Judge Bianchini's Report-Recommendation.

On September 18, 2013, this Court adopted the Report-Recommendation and remanded the case for further proceedings. Dkt. No. 23. On September 25, 2013, Plaintiff filed the instant motion seeking attorneys' fees in the sum of $16,416.09, *see* Dkt. No. 25, and later supplemented her petition to include fees incurred preparing the instant motion for a total of $17,643.29. *See* Dkt. No. 29-1.

### III. DISCUSSION

The EAJA provides:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court

3

> finds that the position of the United States was substantially justified
> or that special circumstances make an award unjust.

28 U.S.C. 2412(d)(1)(A). In order for a party to be awarded attorneys' fees under the EAJA, the plaintiff must demonstrate that he or she: 1) is the prevailing party; 2) eligible to receive an award; 3) enumerate the amount sought; 4) show the rate at which fees were computed; and 5) allege that the position of the United States was not substantially justified. *See id.* § 2412(d)(1)(B). A district court has broad discretion when determining the reasonableness of attorneys' fees and may make appropriate reductions to the fee requested as necessary. *See Walker v. Astrue*, No. 04-CV-891, 2008 WL 4693354, *5 (N.D.N.Y. Oct. 23, 2008) (citing *Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 221 (W.D.N.Y. 2006)).

"The starting point for [a] fee determination is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *DiGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y.1987) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "In making this determination, the district court should exclude hours that are not 'reasonably expended,' *i.e.*, hours that are excessive, redundant or otherwise unnecessary." *Id.* (quoting *Hensley*, 461 U.S. at 434). As the Supreme Court explained in *Hensley v. Eckerhart*: "billing judgment is an important component in fee setting . . . . Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (citing *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (emphasis in original)).

In this case, Plaintiff claims that an EAJA award is available as: (1) plaintiff's net worth did not exceed $1,000,000 at the time the action was filed; (2) Plaintiff was a "prevailing party" in a case against the government; and (3) the position of the United States was not substantially justified. Dkt. No. 25-6. In opposition, the Commissioner asserts that Plaintiff's fee request is excessive and unreasonable. Dkt. No. 26.

Plaintiff requests an award in the amount of $17,643.29 for approximately 111 hours of attorney work. There is no dispute regarding the fact that Plaintiff is a "prevailing party" under the EAJA by virtue of the Court's decision adopting Magistrate Judge Bianchini's Report-Recommendation. The Commissioner does not argue that its position was "substantially justified," and does not contest the timeliness of Plaintiff's application. The Commissioner also does not challenge the reasonableness of the hourly rates sought ($184.32 for work performed in 2012 and $187.46 for work performed in 2013 and 2014). Thus, the sole issue is whether the number of hours charged is excessive or unreasonable.

Defendant argues that twenty to forty hours is generally the standard in social security matters. According to Defendant, this case was not unusually complex, nor was the 600 page administrative transcript particularly large. Defendant specifically contests the amount of time billed by Plaintiff's counsel in preparing his opening and reply briefs, as well as the motion to remand. Moreover, Defendant argues that Plaintiff's counsel improperly included clerical tasks as part of his attorney services.

When assessing whether to award attorney's fees to a prevailing party, a court has broad discretion to determine whether the amount of time an attorney has expended is reasonable. *Crudele v. Chater*, No. 92 CIV. 7912, 1997 WL 198076, *5 (S.D.N.Y. Apr. 23, 1997) (citing *Aston v. Sec'y of Health and Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986)). The specific facts of each case determine what fee is appropriate. *Ferguson v. Apfel*, No. Civ.A. CV-98-3728, 2000 WL 709018, *2 (E.D.N.Y. Apr. 17, 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). District courts in the Second Circuit have held that, on average, an attorney spends twenty to forty hours on routine social security cases. *Cruz v. Apfel,* 48 F. Supp. 2d 226, 231 (E.D.N.Y. 1999); *see also Grey v. Chater,* No. 95 CIV. 8847, 1997 WL 12806, *2 (S.D.N.Y. Jan.

14, 1997); *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008). Attorneys' fees in excess of the routine twenty to forty hours will be awarded where the facts of the specific case warrant such an award. *Hinton v. Sullivan*, No. 84 Civ. 9276, 1991 WL 123960, *5 (S.D.N.Y. July 2, 1991); *see also Scott v. Astrue*, 474 F. Supp. 2d 465, 467 (W.D.N.Y. 2007) (holding that case involving a brain tumor near the plaintiff's pituitary gland that affected hormone production and body functions was an unusual and complex matter). When deciding what amount is appropriate, the court will not compensate or penalize counsel for her expertise. *See Laguna v. Sec'y of Dep't of Health and Human Servs.*, No. CV-90-2638, 1992 WL 179215, *4 (E.D.N.Y. July 13, 1992). In certain instances, reductions in billing entries are necessary. *See Colegrove v. Barnhart,* 435 F. Supp. 2d 218, 221 (W.D.N.Y. 2006) (holding that a reduction was necessary when a number of entries were billed in quarter-hour time increments for tasks that seemingly would not take a full fifteen minutes (i.e., enclosure letters, receipt and review of simple Orders from the Court and letters for extensions of time)). Courts may also reduce entries if the number of hours spent on a task are excessive or if entries relate to clerical tasks. *See Greenridge v. Barnhart*, No. 6:04-CV-0379, 2005 WL 357318, *4 (N.D.N.Y. Feb. 11, 2005)*; see also Destefano v. Astrue*, No. 05-CV-3534, 2008 WL 623197, *3 (E.D.N.Y. Mar. 4, 2008). Moreover, time may be reduced when billing entries are less than precise. *Destefano*, 2008 WL 623197, at *3 n.5.

While reviewing the fee application, the court is not required to "scrutinize each action taken or the time spent on it" when determining what is reasonable. *Hogan*, 539 F. Supp. 2d at 683 (holding that a reduction of approximately 5% in the total fee requested was appropriate)*; see also Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (holding that the Court has discretion simply to apply a reasonable percentage reduction "as a practical means of trimming fat

from a fee application"); *see also New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) (holding that district judge acted within his discretion when he chose to make percentage reductions in response to the defendants' detailed claims that the fee application contained excessive and duplicative hours).

In this case, Plaintiff's counsel initially sought an award based upon 104.6 hours (79.80 in 2012 and 24.80 in 2013), for a total of $16,416.09. Plaintiff's counsel also requests 6.52 hours for time expended in connection with his reply to the Commissioner's opposition to the instant motion. Thus, the total request is for 111.12 hours and a fee of $17,643.29.

Plaintiff does not contend that this case involved any complex legal or medical issues. Rather, Plaintiff argues that the Court should consider the fact that much of the expense of this litigation could have been avoided had the Appeals Council granted review upon receipt of May 11 Report, or had the Commissioner consented to remand following ALJ Black-Pennington's determination on the Second Application. Plaintiff also notes that her counsel did not represent her in the administrative proceedings, and he therefore had to review and familiarize himself with the record at the district court level.

After reviewing the administrative record, the papers submitted and the history of the case, the Court concludes that the hours are excessive and require some reduction. As an initial matter, Plaintiff's counsel has "lumped" 2.8 hours of clerical tasks with attorney tasks (e.g., 1.4 hours for "Serve United States District Court-NDNY. Mailed-Served Summons and Complaint on Regional counsel, region II, Attorney General and US Attorney by certified mail."). *See* Dkt. No. 25-4.

The Court further finds that the time allocated to certain tasks was excessive. For example, Plaintiff claims that over forty-five hours were expended by counsel drafting the

7

opening motion for judgment on the pleadings. *See id.* This task alone exceeds the high average for total time spent on social security cases in this district. Plaintiff's counsel spent an additional twenty-eight hours on the reply brief, five hours on the motion to remand, ten hours on the supplemental brief requested by Magistrate Judge Bianchini, and eight hours on the instant EAJA motion. The Court finds these entries excessive, duplicative, and unreasonable. The Court notes that attorneys' fees requests by Plaintiff's counsel, Mr. Portnoy, have been found excessive and reduced in several other cases litigated in this circuit. *See Balsano v. Astrue*, No. 09-CV-490, 2013 WL 935782, *3 (N.D.N.Y. Feb. 13, 2013) (collecting cases); *see also Sava v. Comm'r of Soc. Sec.*, No. 06–CV–3386, 2014 WL 129053, *4 (S.D.N.Y. Jan. 10, 2014) (reducing fee request by thirty percent).

As an initial matter, counsel's request for compensation for 2.78 hours of clerical work should be reduced to zero. In addition, the Court finds counsel's request for 89.4 hours with respect to drafting and researching the briefs to be excessive. As such, the Court finds that a reduction of approximately fifty percent, or 44.7 hours of attorney time, is warranted for this task. Accordingly, after reviewing the record and considering the work performed, the Court exercises its sound discretion and reduces the total fee by forty percent for an award of $10,585.97.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion (Dkt. No. 25) for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is **GRANTED in part** in the amount of $10,585.97, payable to Plaintiff and mailed to Plaintiff's attorney at his regular place of business.

**IT IS SO ORDERED.**

Dated: April 22, 2014
Albany, New York

Mae A. D'Agostino
U.S. District Judge

8